laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Brown asserts in his brief and response that his appeal concerns questions of law and statutory interpretation. Specifically, he contends that his appeal involves whether the CAVC erred in deciding that the Board's effective-date determination was clearly erroneous and whether the Board failed to meet its statutory obligation to address his panic attack issue. Although Brown asserts that his arguments involve issues of statutory interpretation and matters of law, this court must look beyond the appellant's characterization of the issues to determine whether they fall within the jurisdiction of this court. *Flores v. Nicholson,* 476 F.3d 1379, 1382 (Fed.Cir.2007); *Helfer v. West,* 174 F.3d 1332, 1335 (Fed.Cir.1999). Here, Brown's arguments amount solely to an attack on how the Board and CAVC weighed the facts and applied the law to the facts, both of which are outside this court's limited jurisdiction. Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss Brown's appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is granted.

(2) Brown's motion to file his opposition out-of-time is granted.

(2) Each side shall bear its own costs.

In re Lenard DEITERMAN.

No. 2008–1583.

United States Court of Appeals, Federal Circuit.

Oct. 8, 2008.

ON MOTION

*ORDER*

Upon consideration of Lenard Deiterman's unopposed motion to voluntarily dismiss his appeal,

IT IS ORDERED THAT:

(1) The motion is granted.

(2) Each side shall bear its own costs.

Donna M. JONATHAN, Claimant–Appellant,

v.

James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.

No. 2008–7146.

United States Court of Appeals, Federal Circuit.

Oct. 8, 2008.